IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HIREN PATEL,<br>    Plaintiff,<br> v.<br>SHARON K. SMITH and NICOLE JOHNSON,<br>    Defendants. | Civil Action<br><br>No.  11-6650 |

MEMORANDUM OPINION

**Goldberg, J.**                                                                                                             July 20, 2012

  This suit was removed from Pennsylvania state court by Defendants, Sharon K. Smith and Nicole Johnson, on the basis of diversity jurisdiction.  28 U.S.C. §§ 1332(a), 1441. Plaintiff, Hiren Patel, now moves to remand the suit to state court.  For the reasons that follow, the motion to remand will be granted.

**I. BACKGROUND**

  The present case arises out of the same facts as a prior case before the Honorable Louis H. Pollak, involving substantially the same parties – Patel v. Smith (Patel I), 2011 WL 2746080 (E.D.Pa. Jul. 12, 2011).  In Patel I, Plaintiff, Hiren Patel, sued Sharon K. Smith, Nicole Johnson, and a related business entity in federal court over a failed business transaction involving restaurant franchises in New Jersey. Plaintiff's complaint alleged seven causes of action, three under federal law and four under state law.  Patel I, 2011 WL 2746080, at *2.

On July 11, 2011, Judge Pollak issued a Memorandum Opinion and Order dismissing Plaintiff's three federal causes of action for failure to state a claim. Patel I, 2011 WL 2746080, at **2-5. The remaining four causes of action under state law were also dismissed, on jurisdictional grounds. Id. Plaintiff had invoked two possible sources for federal jurisdiction over his state law claims: (i) supplemental jurisdiction, on the theory that the state law claims were pendent to federal claims over which the court had federal question jurisdiction, 28 U.S.C. §§ 1331, 1367(a); or (ii) diversity jurisdiction, id. § 1332(a). Having dismissed Plaintiff's federal claims, Judge Pollak declined to exercise supplemental jurisdiction over his state law claims, thereby leaving diversity as the only possible basis for federal jurisdiction. Patel I, 2011 WL 2746080, at *5 (citing 28 U.S.C. § 1367(c)(3)).

Although Plaintiff had alleged that the parties were completely diverse, the complaint listed only the "principal place of business" of each party. For purposes of diversity jurisdiction, the citizenship of a natural person is determined by the person's domicile, not place of business. See, e.g., McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006) (discussing domicile concept). In his July 11, 2011 Memorandum Opinion and Order, Judge Pollak granted Plaintiff leave to amend the complaint to correct this pleading defect. See Patel I, 2011 WL 2746080, at *2. ("The pleading is insufficient to establish federal diversity jurisdiction . . . and Patel will be given leave to amend his complaint for the purpose of establishing diversity[.]" (quotations and citations omitted.))

On July 22, 2011, Plaintiff's counsel informed the court that no amended federal complaint would be forthcoming, as additional research had revealed that the parties were not

2

completely diverse at the time the complaint was filed on August 18, 2010, in that Plaintiff and Defendants were all domiciled in Pennsylvania as of that date. (Dk. No. 10-4165, Doc. No. 18.)

On September 22, 2011, Plaintiff filed the present action ("Patel II") against Defendants, Smith and Johnson, in the Court of Common Pleas of Bucks County, Pennsylvania.¹ The Patel II complaint asserts three causes of action under state law and seeks at least $300,000 in damages in connection with the same franchise dispute that was at issue in Patel I. On October 24, 2011, Defendants removed Patel II to this court pursuant to 28 U.S.C. § 1441. On November 1, 2011, Plaintiff moved to remand Patel II to state court. (Doc. Nos. 1, 2.)

On May 15, 2012, this action was reassigned from Judge Pollak to the undersigned. A status conference was held on June 18, 2012, where the parties requested leave to submit supplemental briefing regarding Plaintiff's motion to remand. We granted this request, and each party has submitted a supplemental brief. Plaintiff's motion for remand is now ready for

---

¹ The way in which Plaintiff initiated this case in state court is disputed. Plaintiff contends that his initial federal case, Patel I, was effectively "transferred" from federal court to state court following the dismissal of the case by Judge Pollak, consistent with Pennsylvania law. See 42 Pa.C.S. § 5103(b)(2) (permitting what is considered, under state law, to be a "transfer" of a case from a federal court in Pennsylvania to a state court in Pennsylvania, after the case is dismissed by the federal court for lack of jurisdiction); Lafferty v. St. Riel, 495 F.3d 72, 83 (3d Cir. 2007) (describing the procedure of § 5103(b) to be akin to "refiling" rather than transferring). Plaintiff asserts, therefore, that Patel II is a continuation of Patel I. Defendant responds that Patel I was dismissed by this court, without reference to any "transfer," and that Patel II is an entirely separate action. (Pl.'s Mot. to Remand at 3; Defs.' Resp. to Mot. to Remand at 4; Defs.' Supp. Resp. at 1-2.)

3

disposition. (Doc. Nos. 7, 11, 12, 13.)

## II.   STANDARD OF REVIEW

A motion for remand under 28 U.S.C. § 1447 shall be granted where the standards for removal under 28 U.S.C. §§ 1441 and 1446 have not been met. Hogan v. Raymond Corp., 777 F.Supp.2d 906, 912-13 (W.D.Pa. 2011). The defendant bears the burden of demonstrating the propriety of removal. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). Removal statutes are to be strictly construed, and all doubts are to be resolved in favor of remand. Id.

To qualify for removal, an action must involve claims "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States[,]" and all civil actions where diversity of citizenship exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332.

## III.  DISCUSSION

Defendants assert that this court has original jurisdiction over Patel II because the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a). According to the parties' submissions in Patel II, Plaintiff moved his domicile from Pennsylvania to Delaware in between the filing of Patel I in federal court in August 2010 and the filing of Patel II in state court in September 2011. Therefore, the Defendants, who are citizens of Pennsylvania, assert that diversity exists because Plaintiff is now a citizen of Delaware. (Pl.'s Mot. to Remand at 3; Defs.' Resp. to Mot. to Remand at 4;

4

Defs.' Supp. Resp. at 1-2.)

Plaintiff raises two objections to removal.  First, Plaintiff claims that removal is improper because the parties are not completely diverse, on the theory that the citizenship of the parties ought to be measured at the time of the filing of the complaint in Patel I—when Patel, Smith, and Johnson were all domiciled in Pennsylvania—rather than at the time of the filing of the complaint in Patel II.[2]  Second, Plaintiff invokes a limitation in 28 U.S.C. § 1441(b)(2) against removal by citizens of the forum state.  Defendants respond that Plaintiff has waived his right to object to removal on this basis.  We will address only the second argument.

Section 1441(b)(2) provides that "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  This is sometimes called the "forum defendant rule."  16 James W. Moore, Moore's Federal Practice § 107.14[2][e], at 107-78.5 (3d ed. 2011).  This rule reflects a policy judgment that removal jurisdiction based on the diversity of the parties is unnecessary in these circumstances "because there is less reason to fear state court prejudice against the defendants if one or more of them is from the forum state."  Erwin Chemerinsky, Federal Jurisdiction § 5.5, at 356 (5th ed. 2007).

---

[2] This argument is predicated upon Plaintiff's assertion that Patel I was "transferred" to state court and "effectively continued" in Patel II. (Pl.'s Mot. to Remand at 3.)

In the present case, Patel II is removable, if at all, solely on the basis of diversity jurisdiction. However, both of the parties named as Defendants in Patel II are citizens of Pennsylvania, the forum state. Thus, under a straightforward application of the forum defendant rule, removal is improper, and indeed, Defendants do not argue otherwise. The Defendants instead claim that Plaintiff has waived the right to invoke the forum defendant rule by filing Patel I in federal court, contesting the Defendants' motion to dismiss Patel I for lack of diversity jurisdiction and filing an answer to Defendant's affirmative defenses and counterclaims in Patel II. (Defs.' Resp. to Mot. to Remand at 4-7; Defs.' Supp. Resp. at 1-2.)

Setting aside whether Plaintiff actually waived the objection, Defendants are correct that it is possible for a plaintiff to do so. "The invocation of the removal machinery by a citizen of the forum state, while error, is not a jurisdictional defect under relevant Supreme Court precedent. Rather, it is a defect in removal procedure which can be waived." Korea Exch. Bank, N.Y. Branch v. Trackwise Sales Corp., 66 F.3d 46, 50 (3d Cir. 1995) (internal quotation marks omitted). Not all courts that have considered the question have agreed with this proposition,[3] but the availability of waiver is settled law in the Third Circuit.

Evaluating whether Plaintiff in fact waived the protection of the forum defendant rule is a difficult question. Most of the waiver cases concerning the forum defendant rule involve

---

[3] See Horton v. Conklin, 431 F.3d 602, 604-05 (8th Cir. 2005) ("[V]iolation of the forum defendant rule is a jurisdictional defect and 'not a mere procedural irregularity capable of being waived.'" (quotation omitted)). The Eighth Circuit appears to be an outlier in this view. See 16 Moore, supra, § 107.14[2][e], at 107-78.7 n.81 (collecting cases).

the issue of timing. Section 1447(c) requires a plaintiff moving to remand a removed action to state court to do so within thirty days of the filing of the defendants' notice of removal. If the case is removed in violation of the forum defendant rule, but the plaintiff fails to move for a remand on that ground within the prescribed time limit, the objection is lost. E.g., Blackburn v. United Parcel Serv., Inc., 179 F.3d 81, 90 n.2 (3d Cir. 1999) (determining that the plaintiff waived objection to removal by forum defendant by failing to move for remand); Foulke v. Dugan, 148 F.Supp.2d 552, 555 (E.D.Pa. 2001) (plaintiff waived objection to removal by forum defendant by failing to include objection in otherwise timely motion to remand). Cases like Blackburn and Foulke do not, however, discuss what other conduct might justify holding that the plaintiff waived an objection premised on the forum defendant rule.

In the context of other waivable defects in removal, the following factors have been found to be relevant:

> (1) the length of time prior to the filing of a motion to remand, (2) the degree to which the party seeking remand has made use of the processes of the federal court prior to filing the motion to remand, (3) the degree to which the party has sought affirmative relief from the federal court prior to seeking remand, and (4) whether the party seeking remand has done something or enjoyed something which would make it inequitable to remand the case at this time.

Essington Metal Works, Inc. v. Retirement Plans of Am., Inc., 609 F.Supp. 1546, 1551 n.3 (E.D.Pa. 1985) (internal citations omitted). Neither party discusses these factors, but they provide a useful framework to determine whether Plaintiff's conduct in Patel I and Patel II supports a waiver finding.

In light of the factors set forth above, we conclude that Plaintiff has not waived the right to invoke Defendants' violation of the forum defendant rule, 28 U.S.C. § 1442(b)(2). Following removal of Patel II, Plaintiff's first action was to file a timely motion to remand based upon Defendants' violation of the forum defendant rule.  Further, although Plaintiff answered Defendants' affirmative defenses and counterclaim in Patel II, as he was required under the Federal Rules of Civil Procedure, he did not make significant use of the "processes" of this court in either Patel I or Patel II.  Indeed, these cases never advanced past the pleading stage and no discovery has been performed by the parties.

As to the third factor, Plaintiff did seek affirmative relief in federal court in Patel I and did (erroneously) contend that Patel I could be heard in this court on the basis of federal question and diversity jurisdiction.  However, Patel I involved federal claims, and at the time it was filed, Plaintiff was operating on the incorrect assumption that Defendants were citizens of New Jersey.  See (Dk. No. 10-4165, Doc. No. 1.)  When Judge Pollak dismissed Plaintiff's federal claims and granted him leave to correct a pleading deficiency relating to his invocation of diversity jurisdiction, Plaintiff informed the Court that "research reveal[ed] the absence of diversity jurisdiction" and initiated a state court action against the Defendants, raising state law claims (Patel II). (Dk. No. 10-4165, Doc. No. 18.)  In light of this procedural history, we do not consider Plaintiff's conduct in Patel I to support a waiver finding under this factor. Cf. Ficken v. Golden, 696 F.Supp.2d 21, 26-28 & n.5 (D.C.C. 2010) (holding that the plaintiffs waived a forum defendant challenge when they previously filed two federal complaints, "largely duplica[tive]" of their state action, filed a motion to proceed in forma

8

pauperis in federal court, and were "expressly engage[d] in forum shopping").

Lastly, the fourth factor asks whether it is "inequitable" to remand based upon the plaintiff's conduct. While Plaintiff initiated Patel I in this court inappropriately, thereby delaying resolution of this matter, Defendants are not without blame for the wasteful jurisdictional litigation that has occurred in these parallel cases. It was Defendants who fought in Patel I to keep Plaintiff's state law claims in state court. See (Dk. No. 10-4165, Doc. No. 4 at 3 & n.1) (reflecting that Defendant sought dismissal of Plaintiff's federal claims in Patel I, and opposed supplemental jurisdiction of pendent state claims). The equities, therefore, do not favor either side.

Considering the relevant factors and the procedural history of this case, Plaintiff's conduct in Patel I and Patel II does not justify a finding of waiver of the forum defendant rule. The case, therefore, will be remanded to state court.

### IV. CONCLUSION

Because Defendants are citizens of the forum state, the present action was removed in violation of the forum defendant rule, 28 U.S.C. § 1441(b)(2). Plaintiff did not waive this objection by seeking relief in this court in Patel I or by filing a responsive pleading in Patel II. An appropriate Order follows.